## THE STATE *v.* MATHIS.

[No. 2,508.    Filed December 9, 1897.]

INTOXICATING LIQUORS.—*Sales Under License Issued by United States.* —*Maintenance of Screens on Sunday.*—*Statute Construed.*—A person who sells intoxicating liquors under and by authority of a license from the United States is amenable to section 4 of the act of March 11, 1895, providing that, during the days and hours when the sales of intoxicating liquors are prohibited by law, the room in which such liquors are sold as a beverage shall be so arranged that the whole of the interior may be viewed from the street or highway on which the same is situated.

From the Warren Circuit Court. *Reversed.*

*W. A. Ketcham,* Attorney-General, *T. S. Cravens, Merrill Moores* and *J. W. Brissey,* for State.

*J. F. Hanly, W. R. Wood, W. P. Rhodes, R. Braden* and *H. D. Billings,* for appellee.

COMSTOCK, J.—This was a prosecution under the "act to better regulate and restrict the sale of intoxicating, spirituous, vinous and malt liquors," etc., approved March 11, 1895. Sections 7634-7641, Thornton's R. S. 1897 (Acts 1895, p. 248).

The indictment charged "that on the 21st day of June, 1896, at the county of Warren, and the State of Indiana, Samuel B. Mathis, being then and there the owner and proprietor of a room on the first floor, situate on town lot number 19, in William Kent's addition to the town of Williamsport, in said county and State; which said room was then and there located and fronted upon a certain public street, being then and there known as Monroe street, in which said room

intoxicating liquors were then and there sold by the said Mathis, under and by virtue of the laws of the United States, to be used and drunk as a beverage and to persons not then and there holding a prescription from a regular physician, did then and there unlawfully maintain such room in such manner, that by screens, blinds, and obstructions, then and there unlawfully placed, arranged, erected, and maintained by said Mathis, in such manner as to and did prevent the entire view of the interior of said room from any and all points on said street, said day being the first day of the week, commonly called Sunday."

The indictment was returned November 6, 1896. The trial court sustained defendant's motion to quash the indictment. The State appeals, assigning as error the judgment of the court quashing the indictment. The indictment charges a violation of section 4 of the above act. Said section reads as follows: "Any room where intoxicating liquors are sold by virtue of a license issued under the law of the State of Indiana for the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, with permission to drink the same upon the premises, shall be situated upon the ground floor or basement of the building where the same are sold, and in a room fronting the street or highway upon which such building is situated, and said room shall be so arranged, either with a window or glass door, as that the whole of said room may be in view from the street or highway, and no blinds, screens or obstructions to the view shall be arranged, erected or placed so as to prevent the entire view of said room from the street or highway upon which the same is situated during such days and hours when the sales of such liquors are prohibited by law. Upon conviction for the violation of

VOL. 18—39

this or either of the foregoing sections of this act the defendant shall be fined in any sum not less than $10.00 nor more than $100.00, to which may be added imprisonment in the county jail not exceeding ninety days, and in case of the conviction for the second offense, either upon a plea of guilty or conviction upon trial thereof, in any circuit, superior, criminal, justice or police court of Indiana, as a part of the judgment the court may make an order revoking the license of the person convicted, which said judgment shall have the effect to completely annul and set aside such license, and all privileges and rights under the same. And upon the third conviction or plea of guilty entered, the court rendering judgment thereon shall annul and set aside such license and all privileges and rights under the same." Section 7636, Thornton's R. S. 1897.

Appellee insists that the indictment does not charge a public offense; that section 4 of said act is not applicable to the business or establishment described in the indictment, but only applies to persons who hold and do business by virtue of licenses issued under the law of the State of Indiana.

Section 10 of said act of 1895, reads, "all the provisions of this act shall apply to persons, places and sales of spirituous, vinous, malt and other intoxicating liquors, whether conducted under the law of the State of Indiana licensing, regulating and restricting the sales of such liquors to be used as a beverage, or by virtue of any laws of the United States; except as to the provisions for obtaining, revoking and remonstrating against license, which apply only to proceedings under the laws of the State of Indiana: *Provided*, That this section shall not apply to persons who hold a prescription from a reputable physician for any drugs or medicines, or to any person selling the same." Section

The State v. Mathis.

7641, Thornton's R. S. 1897. This section makes the provisions of the law (with the exceptions specified) apply to sales of intoxicating liquors, whether such sales are made by the authority of the laws of the United States or of the State of Indiana.

The indictment charges that intoxicating liquors were sold by virtue of the laws of the United States (section 3252, R. S. U. S. 1878), and section 3244 as amended by act of March 1, 1879 (Supp. R. S. U. S. [2d ed], p. 228), contemplate the licensing and restricting of the sale of intoxicating liquors. A fee is charged and a license issued to those who pay for the privilege. A permit to sell intoxicating liquor is a license, and any one who sells liquors under the license of the United States is amenable to all the provisions of the act of 1895, excepting those relating to obtaining, revoking, and remonstrating against licenses. See, State v. Gerhardt, 145 Ind. 439; Nelson v. State, 17 Ind. App. 403.

In enacting section 10, the General Assembly must have had in mind the federal statute on this subject, and it was the evident purpose to require persons who sell liquors under the authority of the general government to comply with the State law.

Section 2194, Burns' R. S. 1894 (2098, Horner's R. S. 1896), reads as follows: "Whoever shall sell, barter, or give away to be drunk as a beverage, any spirituous, vinous, malt or other intoxicating liquor, upon Sunday, * * * shall be fined in any sum not more than fifty dollars nor less than ten dollars," etc.

It is a violation of law to sell intoxicating liquor on Sunday to be drunk as a beverage, without reference to the place, to the person by whom sold, or place where, or the quantity sold.

An indictment will lie for selling intoxicating liquor on Sunday to be drunk as a beverage; and under said

act of 1895, an indictment will lie for maintaining screens at a time when the sale of intoxicating liquors is unlawful.

The indictment charges that the screens were maintained on Sunday. There is nothing in the section limiting its application to retail or wholesale dealers.

The motion to quash should have been overruled. The judgment is reversed with costs, and the cause remanded for further proceedings.