## THE STATE *v.* MATHIS.

[No. 2,509.    Filed Dec. 14, 1897.    Rehearing denied May 11, 1898.]

From the Warren Circuit Court.    *Reversed.*

*W. A. Ketcham,* Attorney-General, *Thomas S. Cravens, Merrill Moores* and *James W. Brissey,* for State.

*J. Frank Hanley, Will R. Wood, R. P. Rhodes, Harley D. Billings* and *Bobert Braden,* for appellee.

COMSTOCK, J.—This prosecution was instituted under sections numbered 3 and 10 of "an act to better regulate and restrict the sale of intoxicating, spirituous, vinous, and malt liquors," etc., approved March 11, 1895, Acts 1895, p. 248.

The indictment charges that, "on the 21st day of June, A. D.. 1896, at and in the county of Warren and State of Indiana, Samuel B. Mathis, being then and there the owner and proprietor of a certain room situate on the town lot numbered 19, in Wm. Kent's addition to the town of Williamsport in said county and State, in which room, intoxicating liquors were then and there sold by said Mathis, under and by virtue of the laws of the United States, to be used and drunk as a beverage, and to persons not then and there holding a prescription from a reputable physician, did then and there unlawfully permit one William R. Marlatt, who was not then and there a member of his family, to go and enter into said room where said liquors were so sold as aforesaid, the day being the first day of the week, commonly called Sunday."

The indictment was returned November 6, 1896. The court sustained defendant's motion to quash the indictment. The State appeals. and assigns as error the judgment of the court in sustaining said motion.

The questions presented are the same in principle considered and decided in *State* v. *Mathis,* 18 Ind. App. 608, and upon authority of that decision, the judgment of the trial court must be reversed. Judgment reversed, with the instructions to the trial court to overrule appellee's motion to quash the indictment and for further proceedings in the cause.

### On Petition for Rehearing.

Per Curiam.—Counsel for appellee in petition for a rehearing insist that "the only effect that permitting one not a member of the proprietor's family into his place of business at a prohibited time is to make that fact *prima facie* evidence of an illegal sale when he is charged with that offense. The fact standing alone that such a person was in the saloon at such a time is no offense." In this view we can not concur. The sale is prohibited. The presence of one not a member of the proprietor's family at stated times is also prohibited. Both are offenses. The question whether one may be convicted twice for the same offense is not before us, but the presence at a prohibited time of one in the place of business, not a member of the proprietor's family, is made an offense, and the offense is clearly charged in the indictment. Petition overruled.