**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Leslie D. BROWN, Jr., Respondent.**

**SCBD No. 3839.**

Supreme Court of Oklahoma.

March 30, 1993.

---

Gloria Miller White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, for complainant.

Leslie D. Brown, Jr., pro se.

## OPINION

WATT, Justice.

On August 18, 1992, the Oklahoma Bar Association filed a complaint in this Court against Respondent, Brown. The OBA accused Brown of violating the Oklahoma Rules of Professional Conduct, 5 O.S.1991 Ch. 1, App. 3–A because of his handling of a matter for Erma Jean Nail.

## FACTS AND PROCEDURAL HISTORY

On July 25, 1993, Nail met with Brown and advised him that she wanted to obtain her brother's power of attorney so that she could process her brother's claim for amounts due under a credit disability insur-ance policy. Brown advised Nail to have herself appointed her brother's guardian. Nail gave Brown a check for $390.00 to cover a fee of $300.00 and court costs of $90.00.

Brown cashed Nail's check and placed $90.00 of its proceeds in his office safe. Several weeks after his meeting with Nail, Brown gave Nail a form of Notice of Hearing Petition for Letters Of Guardianship in Muskogee District Court Case number P–91–270. The form recited that the hearing on Nail's application for Letters of Guardianship would be held September 30, 1991. It purported to bear the signature of Judge Thomas Alford.

After Nail reviewed the purported Notice, she tried unsuccessfully to contact Brown. Nail still thought that Brown was going to prepare a power of attorney so she wanted to know what Brown had in mind.

Nail went to the Muskogee County Courthouse on September 30, 1991 in response to the purported Notice Brown had given her. Brown was not there. Nail asked the court clerk and Judge Alford about the case. The clerk told Nail that no guardianship proceeding involving Nail's brother was pending. Judge Alford told Nail that he had nothing on his docket that day concerning a guardianship. Court number P–91–270, purportedly assigned to the Nail guardianship, was later assigned by the court clerk to a case unrelated to the Nails on December 31, 1991.

The OBA alleged that Brown's conduct violated several of the Rules of Professional Conduct: 1.1 (incompetence), 1.2 (failure to abide by client's decisions concerning scope of representation), 1.4 (failure to keep client informed), 1.15(a) (failure to keep client's funds in a separate account), and 8.4(c) (professional misconduct involving dishonesty, fraud, deceit, or misrepresentation).[1]

---

**1.** The material portions of those Rules are as follows:

Rule 1.1

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness,

Brown failed to file a response to the OBA's complaint. At a pre-trial hearing on November 12, 1992 Brown agreed that the OBA's allegations were admitted. The trial panel held a hearing on December 10, 1992 on the issue of what discipline the trial panel would recommend. The trial panel granted Brown a continuance from a hearing originally scheduled for November 23, 1992. At the December 10, hearing Brown again moved for a continuance, and objected to the hearing being conducted by only two of the three members of the trial panel.

The trial panel found that Brown had violated Rule 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1 App. 1–A. Rule 5.2 requires a lawyer to respond in writing within twenty days after service upon him of an OBA grievance.[2] Brown, according to the trial panel, had "wilfully attempted to defraud the client by preparing and delivering to the client bogus pleadings ..." Further, the trial panel noted that despite efforts by the OBA's Office of the General Counsel, and the Presiding Master, Brown had "wholly failed to give any meaningful response to the [OBA's] Complaint ..." The trial panel concluded that Brown's admitted misconduct violated Rules 1.1, 1.2, 1.4, 1.15(a), and 8.4(c) of the Rules of Professional Conduct, Id. Brown has not filed a brief before this Court.

In 1991 this Court privately reprimanded Brown for misconduct involving a conflict of interest and conduct prejudicial to the administration of justice. Brown received a private reprimand from the Professional Responsibility Commission in 1986 in another matter involving misrepresentation and fraud. After noting those reprimands and considering them as an enhancement for discipline, the trial panel recommended that Brown's discipline be a three year suspension of his license to practice.

## DISCUSSION

Although we give the trial panel's recommendations great weight, we are obliged to consider the evidence *de novo* and reach our own conclusions as to the discipline to be imposed. *State ex rel Oklahoma Bar Association v. Miskovsky*, 832 P.2d 814, 817 (Okla.1992). Given Brown's earlier disciplining for fraud and his apparent unrepentant attitude, we find that he should be disbarred.

By forging the Notice of Hearing, including the forged signature of an Associate District Judge, Brown committed fraud both on his client and the District Court. Such conduct is expressly prohibited by Rule 8.4(c) of the Rules of Professional Conduct, Id. note 1. In *State ex rel Oklahoma Bar Association v. Colston*, 777 P.2d 920, 924 (Okla.1989) we said:

> Forging signatures on legal documents is a serious breach of ethics. It constitutes legal conduct marked by moral turpitude and *justifies imposition of the most severe discipline.* [Emphasis added.]

In the Comments to Rule 8.4, the commentators say:

and preparation reasonably necessary for representation.
Rule 1.2
 (a) A lawyer shall abide by the client's decisions concerning the objectives of representation ... and shall consult with the client as to the means by which they are to be pursued....
 ...
Rule 1.4
 (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
 (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Rule 1.15
(a) ... [A client's] funds shall be kept in a separate account ...
...
Rule 8.4
 It is professional misconduct for a lawyer to

· · · · ·

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
...

2. Rule 5.2 provides in relevant part:

 ... The failure of a lawyer to answer within twenty (20) days after service of the grievance ... shall be grounds for discipline.

A pattern of repeated offenses, even ones of minor significance when considered separately, *can indicate indifference to legal obligation.* [Emphasis added.]

We are deeply concerned that this is the third disciplinary proceeding involving Brown, the second involving fraud and misrepresentation. We have carefully reviewed the transcript of the December 10, 1992 hearing and we find no indication that Brown regrets his misconduct or appreciates its seriousness. Brown's conduct strongly supports the inference that Brown is indifferent to his legal obligations. His conduct during the investigation and hearing reinforces rather than dispels that inference of indifference.

Fraud and misrepresentation by anyone are exceedingly serious forms of misconduct. They can be no more serious than when practiced by a lawyer on a client and on the court before which he practices. Public confidence in lawyers and courts depends on our willingness to inflict severe discipline in appropriate cases. *Miskovsky,* Id. 832 P.2d at 818. This is such a case. Brown has shown no mitigating or extenuating circumstances. Disbarment is appropriate.

We order that Leslie D. Brown, Jr. be disbarred, that his name be stricken from the roll of attorneys, and that he bear the costs of this proceeding in the amount of $552.69.

DISBARMENT ORDERED; COSTS IMPOSED.

HODGES, C.J., LAVENDER, V.C.J., SIMMS, HARGRAVE, OPALA, ALMA WILSON, KAUGER, JJ., concur.

SUMMERS, J., not participating.