2005 OK 92

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Michael C. HEATHCO, Respondent.**

**No. SCBD 5022.**

Supreme Court of Oklahoma.

Dec. 13, 2005.

ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 This matter is before this Court pursuant to Rules 8.1 and 8.2 of the Rules Govern-

ing Disciplinary Proceedings, 5 O.S.2001, Ch. 1 App. 1–A, for consideration of the Oklahoma Bar Association's May 23, 2005 application for an order approving the resignation pending disciplinary proceedings of respondent, Michael C. Heathco upon his affidavit.

¶ 2 Upon consideration, we find:

1. Respondent is a member of the Oklahoma Bar Association, but is currently suspended from the practice of law. He was admitted to membership on April 17, 1992, and his official roster address is OBA # 14580, P.O. Box 406, Lawton, OK. 73502–0406.

2. On May 18, 2005, Respondent signed and submitted his affidavit requesting he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law pending disciplinary proceedings, and his affidavit of resignation reflects that: (a) it was freely and voluntarily tendered; (b) he was not subject to coercion or duress; (c) he is fully aware of the consequences of submitting his resignation; and (d) though aware that his resignation is subject to the approval of this Court, he intended that it should be effective from the date and time of its execution and has pledged to conduct his affairs accordingly.

3. Respondent is aware a formal complaint was filed against him in this Court on February 25, 2005, which incorporates seven grievances lodged against him with the Office of the General Counsel of the Oklahoma Bar Association and charges him with eight counts of professional misconduct constituting grounds for professional discipline regarding the following matters:

(a). DC–03–402—A grievance filed on November 7, 2003, which alleges fraud and writing checks from his account which were returned for insufficient funds.

(b). DC 04–026—A grievance filed on January 22, 2004, which alleges he wrote a check to the Oklahoma Bar Association for Continuing Legal Education which was returned for insufficient funds.

(c). DC 04–115—A grievance filed on April 15, 2004, which alleges he abandoned his client's case.

(d). DC 04–233—A grievance filed on July 20, 2004, which alleges his neglect and lack of communication concerning a client's case.

(e). DC 04–248—A grievance filed on August 20, 2004, alleging he falsely assured client's mother that he had been active in representing her son then he abandoned client.

(f). DC 04–278—A grievance filed on September 17, 2004, alleging he was paid an initial retainer of $1,000.00, and disappeared after taking no action for the client.

(g). DC 04–279—A grievance filed September 21, 2004, alleging his neglect and lack of communication in a criminal case.

4. The Complaint was attached to respondent's affidavit as Exhibit "A" and it shows that: (a) six of the grievances were filed by clients alleging neglect, failure to communicate and failure to act; (b) in one matter respondent settled the case on client's behalf but misrepresented the amount of the settlement checks to client, then delayed payment to client and failed to pay client's medical bills as directed in the settlement; and (c) respondent has failed to respond to many attempts by the Oklahoma Bar Association to contact him in regard to these grievances and he failed to appear at the Oklahoma Bar Center as ordered by subpoena duces tecum commanding his appearance and sworn testimony.

5. Respondent states he is aware that the allegations concerning his conduct, if proven, would constitute violations of Rule 1.3, Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch.1, App.1–A, and Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.15, 3.2, 5.2 and 8.4(a)(b)(c), Oklahoma Rules of Professional Conduct, 5 O.S. 2001, Ch. 1, App. 3–A, and his oath as an attorney.

6. Respondent is aware of the requirements of Rule 9.1 of the Rules Governing Disciplinary Proceedings, and agrees he will comply with its provisions within twenty days following his resignation.

7. Respondent acknowledges and is aware that he may not make application for reinstatement for membership in the Oklahoma Bar Association prior to the expiration

of five years from the effective date of the order approving his resignation pending Disciplinary Proceedings, and that reinstatement requires full compliance with Rule 11 of the Rules Governing Disciplinary Proceedings.

8. Respondent is aware that the Client Security Fund may receive claims from his former clients, and he agrees if the Oklahoma Bar Association approves and pays any claims against him, he will reimburse the Bar Association for those funds, including principal and statutory interest, prior to filing an application for reinstatement.

9. The Oklahoma Bar Association has waived costs in the investigation of this matter.

10. An Enhancement provision of the complaint states that respondent was suspended from membership by order of this Court on July 1, 2004, for non-payment of dues and non-compliance with requirements of MCLE.

11. Respondent's affidavit complies with all requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, and his resignation should be approved.

¶ 3 IT IS THEREFORE ORDERED that complainant's application is approved and respondent's resignation is accepted and approved effective May 18, 2005, as agreed upon by the petitioner and respondent.

¶ 4 IT IS FURTHER ORDERED that respondent's name be stricken from the Roll of Attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, respondent may make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this Order.

¶ 5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12th DAY OF DECEMBER, 2005.

¶ 6 ALL JUSTICES CONCUR.