NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 15-1736

—————————

JING XIU LIU,
                    Petitioner

v.

ATTORNEY GENERAL UNITED
STATES OF AMERICA,
                              Respondent

—————————

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Daniel Meisner
(No. A074-855-746)

—————————

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2015

Before: AMBRO, HARDIMAN, and SLOVITER, Circuit Judges

(Opinion filed: December 4, 2015)

—————————

OPINION*

—————————

AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jing Xiu Liu, a native and citizen of China, petitions for review of the decision by the Board of Immigration Appeals ("BIA") denying her fifth motion to reopen removal proceedings. Liu argues that the BIA abused its discretion by ignoring evidence of material changes in country conditions in China and by finding that Liu failed to establish a *prima facie* case of eligibility for asylum. For the reasons that follow, we deny Liu's petition for review.

I.

Liu was apprehended in the United States by the U.S. Border Patrol in September 1998. The former Immigration and Naturalization Service ("INS") filed a Notice to Appear charging that Liu was subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Liu conceded that she was removable and, in September 1999, applied for asylum, withholding of removal, and protection under the Convention Against Torture.

In her application for relief from removal, Liu claimed that in 1990 Chinese officials, looking to enforce family planning policies against her parents, broke into her home in Tantou Town (a municipality in Fujian Province, China) and destroyed and/or confiscated many of her belongings. Two days later, according to Liu, Chinese officials forcibly sterilized her mother and levied a fine against her family for violating China's family planning laws. Liu claimed that her father fled Fujian to avoid being sterilized, and that her family suffered economically and emotionally due to his absence. She also claimed to fear sterilization if she returned to China because she wants a large family.

In December 1999, following a hearing on Liu's case, the Immigration Judge made an adverse credibility determination against Liu, denied her application for relief from removal, and ordered her removed to China. The BIA affirmed.

Since her order of removal became final, Liu has filed (and the BIA has denied) five motions to reopen her removal proceedings. In Liu's fifth motion to reopen—the denial of which is the subject of this petition for review—she argues that documents not available at the time of her removal proceedings in 1999 demonstrate a material change since then of the conditions in China faced by parents of more than one child. In denying this motion, the BIA concluded that Liu, now a mother of two, presented insufficient evidence of such changed conditions. According to the BIA, the record indicates only that policies existing in 1999 continue to be implemented to varying degrees in different Chinese provinces. In the alternative, the BIA concluded that Liu did not demonstrate that she is entitled to asylum. This petition for review followed.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reopen for abuse of discretion. *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). Our review is "highly deferential." *Id.* We review the BIA's findings of fact "to determine whether they were supported by substantial evidence," and will only reverse the BIA's denial of a motion to reopen if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 168, 174 (3d Cir. 2002).

3

III.

Generally, an alien may file only one motion to reopen removal proceedings, and must file that motion within 90 days of the final removal order. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). However, there is no time limit on the filing of a motion to reopen if the alien seeks to apply for asylum and the motion to reopen is based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Id.* § 1229a(c)(7)(C)(ii). Even then, the BIA may deny a motion to reopen if the movant has not established her *prima facie* eligibility for the relief sought. *INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Zheng v. Att'y Gen.*, 549 F.3d 260, 265-66 (3d Cir. 2008).

Liu argues that the BIA abused its discretion by not giving "meaningful consideration" to new evidence that the enforcement of China's family planning policy in Fujian Province has grown materially stricter since she was ordered removed in 1999. (Pet.'s Br. 5.) In support of her argument, Liu contrasts *Matter of J- H- S-*, 24 I&N Dec. 196, 202-203 (BIA 2007), which characterized efforts to enforce China's family planning policy in the Province as "lax" and "uneven" at various times from 1998 to 2007, with various documents in the record that supposedly reference renewed efforts to enforce China's family planning policy more strictly in Liu's hometown of Tantou Town.

The BIA did not abuse its discretion in finding that Liu's evidence simply "demonstrates [that] the current family planning policy is a continuation of the same policy in force at the time of [Liu's] 1999 proceedings." (1 App. 5.) The BIA addressed

4

the record evidence and found that it "indicates that couples residing in [Tantou Town] are subject to the longstanding family planning policy which includes contraceptive measures such as IUD insertion and periodic check-ups, and that incentives and rewards continue to be provided for compliance with the family planning policies, as well as penalties for non-compliance." (1 App. 5.) The BIA reasonably concluded that the record established, "[a]t most," that "pressures to enforce the family planning policy vary from locale to locale and fluctuate incrementally from time to time," and that there was no proof "that the actual enforcement of the family planning policy in the Fujian Province has worsened." (1 App. 6.) The BIA's conclusions were based on its consideration of the evidence in the record and were not an abuse of discretion.

Liu points to no evidence demonstrating that the BIA's conclusions were arbitrary or irrational. Specifically, she does not identify any evidence inconsistent with the BIA's view that supposedly renewed efforts to enforce China's family planning policy more strictly in Fujian reflect normal variations in the degree of the policy's enforcement rather than materially changed country conditions. To the extent Liu argues that the BIA ignored her evidence, we disagree. The BIA is not "required to expressly parse each point or discuss each piece of evidence presented" in order for us to be confident that it has "meaningfully considered the evidence and arguments" that Liu presented. *Fei Yan Zhu v. Att'y Gen.*, 744 F.3d 268, 272 (3d Cir. 2014). As a result, her petition must be denied.

Alternatively, even if Liu could prove that the BIA abused its discretion when it decided that she failed to prove changed country conditions, the BIA did not abuse its

discretion when it decided that she failed to establish her *prima facie* eligibility for asylum. The BIA may deny a motion to reopen if it determines that "the alien has not established a prima facie case for the relief sought." *Huang v. Att'y Gen.*, 620 F.3d 372, 389 (3d Cir. 2010). To do so, Liu must prove that she has a well-founded fear of persecution, which requires her to show both a subjective fear of persecution and "that a reasonable person in [her] position would fear persecution, either because [s]he would be individually singled out for persecution or because there is a pattern or practice in [her] home country of persecution against a group of which [s]he is a member." *Id.* at 381 (quotation marks omitted). The BIA did not abuse its discretion by viewing the record as containing no evidence that Liu "would be individually singled out for persecution" in China, and showing only some reported incidents of persecution of the type feared by Liu, not a "pattern or practice" of such persecution. Thus, on those alternative grounds, the BIA appropriately denied Liu's fifth motion to reopen.

*     *     *     *     *

We have considered Liu's remaining arguments and find them unpersuasive. The BIA rejected Liu's motion to reopen upon consideration of the record evidence before it. We can find no abuse of discretion. Thus, we deny Liu's petition for review.