WILLIAM、 BETTS v. STATE OF OHIO.

**Barkeeper in Saloon During Closed Period Violates Ordinance Notwithstanding he was There Alone Cleaning and Preparing Same for Open Hours.**

Where an ordinance of a city provided, "that it shall be unlawful for any person to permit or allow any place where intoxicating liquors are sold as a beverage to be open or remain open between the hours of 10 o'clock P. M. of any day and 6 o'clock of the next succeeding day," and the bar-keeper of a proprietor of a saloon in said city entered his saloon before 6 o'clock, locked the door, allowed no one to enter until 6 o'clock, nor did he before that time sell, offer for sale, furnish or give away any liquor or other goods, but was engaged in cleaning up the saloon, icing the liquors therein preparatory to opening; held, that he was rightfully convicted of a violation of the ordinance.

[Syllabus by the court.]

ERROR to common pleas court.

*I. M. Foster,* for plaintiff in error:

"Keeping open," what constitutes. *Seelig* v. *State,* 43 Ark. 96; *Carr* v. *State,* 34 Ark. 448 [36 Am. Rep. 15]; *State* v. *Miller,* 68 Conn. 373 [36 Atl. Rep. 795]; *State* v. *Gregory,* 47 Conn. 277; *Commonwealth* v. *Harrison,* 77 Mass. (11 Gray) 308; *Lynch* v. *People,* 16 Mich. 477; *State* v. *Jacques,* 69 N. H. 220 [40 Atl. Rep. 398]; *Richard* v. *Bayonne,* 61 N. J. Law 496 [39

Atl. Rep. 708]; 24 Cyc. 792; *Harris* v. *People*, 21 Colo. 95 [39 Pac. Rep. 1084]; *Kroer* v. *People*, 78 Ill. 294; *People* v. *Mathis,* 50 N. E. Rep. 398 (Ind. App.); *People* v. *Crowley*, 90 Mich. 366 [51 N. E. Rep. 517]; *People* v. *Beller*, 73 Mich. 640 [41 N. E. Rep. 827]; *People* v. *Cummerford*, 58 Mich. 328 [25 N. W. Rep. 203]; *Munzebrock* v. *State*, 10 Dec. Re. 277 (19 Bull. 389); State v. *Stumpf*, 52 Bull. 351 (5 N. P. N. S. 137); *Patten* v. *Centralia*, 47 Ill. 370; *Weidman* v. *People*, 7 Ill. App. 38; *Purefoy* v. *People*, 65 Ill. App. 167; *Lederer* v. *State*, 3 Circ. Dec. 303 (5 R. 623); *People* v. *Lundell*, 136 Mich. 303 [99 N. W. Rep. 12]; *State* v. *Heibel*, 54 Ohio St. 321 [43 N. E. Rep. 328]; 29 Am. Cent. Dig. 891; *Effinger* v. *State*, 6 Circ. Dec. 417 (9 R. 376); 2 Words & Phrases, 1231; *Lederer* v. *State,* 11 Dec. Re. 31 (24 Bull. 153); *Miller* v. *State*, 68 Miss. 533 [9 So. Rep. 289].

*Emmet Keenan,* for defendant in error.

## WALTERS, J.

The case in the court of appeals was submitted on an agreed statement of facts, which shows that on August 10, 1912, the plaintiff in error was a bartender in the employ of the proprietor of a certain saloon located in the city of Nelsonville, Ohio, where intoxicating liquors were sold as a beverage and that between 5:30 A. M. and 6 o'clock A. M. of said day, said Betts entered the room in which said saloon was situated for the sole purpose of cleaning out said room, to have it in readiness at 6 A. M. to receive any customers that might apply for admission and locked the door after him. The plaintiff in error besides cleaning out, chipped ice for the purpose of placing it upon his liquors for sale, which was also done prior to 6 o'clock A. M. on said morning. That said plaintiff in error did not, prior to 6 o'clock A. M. on said day sell, offer for sale, furnish, or give away any liquor, or other goods, nor did said Betts permit any person to enter said place of business prior to 6 o'clock A. M. except a police officer who entered upon official business.

Section 2 of the ordinance of said city reads as follows: "That it shall be unlawful for any person or persons to

Betts v. State.

cause, permit or allow any place where any intoxicating liquors are sold as a beverage, furnished or given away as a beverage, to be open or remain open between the hours of 10 P. M. of any ·day and 6 o'clock of the next succeeding day.''

This ordinance adopts the language of the statute in rela-tion to Sunday closing and therefore any decisions upon the subject of Sunday closing would equally apply to this ordinance.

The court is only required, therefore, to determine whether this section of the ordinance was violated, and we are called upon to give a construction to the same in the light of the agreed facts.

The learned counsel for plaintiff in error cites the case of *Munzebrock* v. *State,* 10 Dec. Re. 277 (19 Bull. 389), and seems to rely greatly upon it. It was decided in 1886 by Judge Robertson of the Hamilton county common pleas in the second syllabus as follows:

''In the law against selling liquor on Sunday (85 O. L. 260) a prohibition against keeping 'open' means open in such a manner as to induce the public to enter, as on other days, and does not make penal the opening of the door under any and all circumstances.''

In the opinion, the following language is found:

''The word (open) is to be construed reasonably in view of all the circumstances; and so construing the words in this statute, it would seem that keeping open such places on Sunday in such manner as to induce or permit the public to enter on Sunday as on other days of the week, or opening the place so as by implication to hold out that the place was open for the conducting of business or the sale of liquor, is within the prohibition of the act.''

This statement of the law was held to be incorrect by Noble, J., in *Molitor* v. *State,* 10 Dec. Re. 324 (20 Bull. 323), common pleas court, Cuyahoga county, and holding that the offense is complete, irrespective of any inducement offered to the public to enter or any intention whatever on the part of

the person so entering. This case was affirmed by both the circuit court and the Supreme Court, the latter without report.

*Effinger* v. *State*, 6 Circ. Dec. 417 (9 R. 376). In this case, Effinger, some members of his family and others, not members of his family, went into his saloon on Sunday to abate a nuisance which had been committed by his dog. No liquors were either drank or given away; it was held that the fact that he and others were in the saloon was *prima facie* a violation of the statute and it was not necessary to show sales or an intention to make sales and that the existence of a nuisance and the necessity for its removal must be shown by the defendant by a preponderance of the evidence. This case would seem to be indirect authority for the proposition that opening and entering is a violation of the statute.

*People* v. *Waldvogel*, 49 Mich. 337 [13 N. W. Rep. 620]. This was decided by the Supreme Court of Michigan and the syllabus is as follows:

"Act 259 of 1881 requiring saloons to be kept closed on Sunday is violated if a saloon is allowed to be open whether for the sale of liquor, for cleaning up or for any other business purpose and the question of the proprietor's intent is immaterial."

The defendant below in this case was in his saloon on Sunday and he and others assisting him were engaged in washing and cleaning the saloon. No liquor was sold nor was there any intention of selling any. The court was requested to instruct the jury, that unless they found the defendant was in his place of business for the purpose of carrying on his business of liquor selling, they must acquit; also that if they found he was there for the purpose of cleaning out his saloon and not for dealing in liquor selling, the criminal intent is wanting and the defendant must be acquitted. These requests were refused and the court instructed the jury, that if the defendant kept his saloon open, or had it open so that the public could enter if they chose, he would be guilty. In the opinion the Supreme Court says:

"The question of intent is wholly immaterial under the

Betts v. State.

statute. The legislature in order to guard against the danger of sales being made has directed that places where liquors are kept should be closed, so that no opportunity to violate by making sales should be afforded. The person who engages in the business of carrying on a saloon must at his peril see that no necessity exists for keeping the same open by carrying on any other business therein which would require the doors to be open, or for persons to enter therein. The places named must be closed and cannot by the proprietor thereof be kept open for any business purpose of any kind."

This case was affirmed in *People* v. *Higgins,* 56 Mich. 159 [22 N. W. Rep. 309]. In this case, the court uses the following language in the opinion:

"We hold in *People* v. *Waldvogel, supra,* that keeping a saloon open on Sunday although for the purpose of cleaning or scrubbing it out, was a violation of the statute. There were no qualifying words in the statute and no exceptions in favor of any business whether foreign to the business of saloon keeping or not; the object of the statute being to cut off all subterfuges or excuses for violation of this statutory inhibition."

*People* v. *Lundell,* 136 Mich. 303 [99 N. W. Rep. 12]. This was also a Michigan case and the syllabus of the same was as follows:

"A person engaged in business in a building in which a saloon was located entered the saloon during prohibitory hours to remove a defect in a water pipe and prevent water from escaping into the basement. After being in, he, without request, swept out the saloon, and then remained talking with the bartender a few minutes; held that the barkeeper in permitting him to remain in the saloon after the time required to repair the water pipe was keeping the saloon open contrary to law."

*People* v. *Mathis,* 50 N. E. Rep. 398 (Ind. App.), Supreme Court of Indiana. The syllabus of this case is as follows:

"Under acts 1895, page 248, Secs. 3, 10, providing for the regulation of sales of liquor, the permitting a person, not a

member of the saloon proprietor's family, to be in his place of business on Sunday is of itself an offense.

*People* v. *Cummerford,* 58 Mich. 328 [25 N. W. Rep. 203]. In this case which was also decided by the Supreme Court of Michigan, the following doctrine is laid down in the syllabus:

"When the statute requires the doors of a saloon to be closed, it means that no one shall be inside or get inside."

In the opinion in this case, the court uses this language:

"It isn't alone the intent or purpose for which the saloon is kept open that is offensive to the law, but also the opportunity furnished persons to obtain liquors at hours and on days prohibited by the statute."

The Supreme Court of Ohio, in the case of *State* v. *Heibel,* 54 Ohio St. 321, evidently follows the law as laid down by the Supreme Court of Michigan in the cases we have just .quoted from there. In this case, the evidence on behalf of the state tended to show that the proprietor of a saloon admitted two persons on Sunday, that they remained there for some hours at work varnishing woodwork and that they drank beer for which they did not pay. Evidence was also introduced tending to show that several other persons were admitted to defendant's saloon on the day named for the purpose of buying oysters and oysters were sold to them. The defendant offered no evidence. On the trial of the case, instructions were asked to be given to the jury and which were given; which indicated the opinion of the trial judge to be, that the regular business should be closed. The Supreme Court in the opinion says of these instructions:

"The instructions given and the refusal to instruct as requested introduced a question as to defendant's purpose which the terms of the statute do not permit."

*People* v. *Cummerford, supra.* While the case here decided by our Supreme Court in its facts is not exactly like the case at bar, yet the court does cite the Michigan case as authority for its decision and then follows by the Supreme Court in the opinion the following important declaration:

"That emergencies might arise would make it lawful for

Betts v. State.

the proprietor and others to enter a saloon upon Sunday may be a necessary inference from the general purpose of the statute. But there was no suggestion of such emergency in this case." This language carries with it by implication that unless some emergency arises which would make it lawful for the proprietor or others to enter the saloon within the prohibited hours, that there would be a violation of the ordinance.

In the case at bar, there was no suggestion of any emergency. On the contrary, however, in addition to the mere entering, there was the admitted fact, that after entrance, the barkeeper was engaged in cleaning and scrubbing the saloon and icing the liquors, so that he was at that time within the prohibited hours engaged in doing things which were necessarily incidental to the carrying on of the business. Where the ordinance makes it unlawful to be open, it means it shall be closed and if it is closed and one enters, it has not been closed or remained so. The purpose of the legislature in passing the statute in regard to Sunday closing and the purpose of the municipal council in this case in passing the ordinance was undoubtedly to so far as possible lessen the evils resulting from the traffic in intoxicating liquors, and if the proprietors of saloons under the language employed in this ordinance can by themselves or by their agents enter their places of business within the prohibited hours for the purpose of cleaning out or scrubbing or repairing, or icing their goods, or doing the other various things in their place of business, which might seem to be required, then it would necessitate a very wide operation. close observation and surveillance on the part of the police officers to discover infractions of law which might be committed within such places while persons were so permitted to be engaged in those things during the closing hours.

The ordinance makes no exceptions in its language; we can read none into it and we think it means just what it says.

The judgment of the court of common pleas will be affirmed.

**Jones** and **Sayre, JJ.,** concur.