JUDGES — ASSIGNMENTS
When a Judge is duly assigned a case in another judicial district or county he has the statutory power to exercise continuing authority over all aspects of that case, which includes by implication the power and necessity to administer an oath in conjunction with those assigned judicial proceedings. Further, where a Judge is duly assigned to a case outside of his judicial district or county, that Judge has an inherent power by virtue of the nature of the judicial function, to administer oaths. The Attorney General's office has received your request for an opinion for the following question: "May an Associate District Judge administer an oath outside his judicial district ?" You have also posed an additional question as follows: "May an Associate District Judge administer oaths when assigned to another district or county, not his own, by a higher authority, to-wit: his own Chief Judge, the presiding judge of his administrative district, or the Chief Justice of the Supreme Court." Title 51 O.S. 21 [51-21] (1971) provides: "The following offices are authorized to administer oaths: "3. Judges and clerks of the district, superior and county courts, and other courts of record within their respective districts or counties." It is apparent that the applicable statute authorizes the Judges of the Court to administer oaths only within their respective districts or county. Therefore, it is the opinion of the Attorney General that absent an assignment an Associate District Judge may not administer an oath outside the county in which he regularly serves. You also raised the question of whether a Judge, when assigned to another district by a superior authority, may lawfully administer an oath if the assignment is outside of the Judge's original district. By virtue of Article VII, Section 6 of the Oklahoma Constitution, general administrative authority over all courts in this State, including the temporary assignment of any Judge to a Court other than that for which he was elected, is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules. Further rules concerning assignment of cases are found in Title 20, Ch. 1 App. 2, the Rules on Administration of the Courts. Article VII, Section 8(i) provides: "District Judges, Associate District Judges, and Special Judges may hold court anywhere in this State authorized by rule of the Supreme Court." In this regard 20 O.S. 95.6 [20-95.6] (1971) provides: "Where not inconsistent with the rules of the Supreme Court or of the Presiding Judge of the judicial administrative district, if any are promulgated, the Judges in a judicial district may adopt practices in regard to the assignment and transfer of cases that will facilitate their disposition, and nothing herein shall prevent a Judge from transferring a case to another Judge who has consented to such transfer." Also Title 20 O.S. 95.7 [20-95.7] (1971) provides: "A Judge to whom a case has been assigned has continuing authority over it, including the determination of post-trial motions, until its final disposition or until such case is removed from his jurisdiction by the appointing authority, and the Judge may act in connection with such case at any place, except that a party who is entitled to be heard may object to attending a hearing at a place other than that where the action is docketed." (Emphasis added) It is apparent from the preceding sections of Oklahoma law that when a Judge is temporarily assigned pursuant to Article VII, Section6 of the Oklahoma Constitution or other court rule that he should exercise authority over all aspects of the cases to which he is assigned, including the power to administer oaths in those judicial proceedings to which he is assigned. Further, 67 C.J.S. Oaths and Affirmation, 5(b) provides: "A court has inherent authority to administer an oath :" It is, therefore, the opinion of the Attorney General that your second question be answered in the affirmative. When a Judge is duly assigned a case in another judicial district or county he has the statutory power to exercise continuing authority over all aspects of that case, which includes by implication the power and necessity to administer an oath in conjunction with those assigned judicial proceedings. Further, where a Judge is duly assigned to a case outside of his judicial district or county, that Judge has an inherent power by virtue of the nature of the judicial function, to administer oaths. (Steven E. Moore)