2005 OK 31

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Jeffrey L. PARKER, Respondent.**

**Nos. OBAD 1641, SCBD 4992.**

Supreme Court of Oklahoma.

May 3, 2005.

ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 This matter is before this Court pursuant to Rules 8.1 and 8.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1 App. 1–A, for consideration of the Oklahoma Bar Association's January 31, 2005 application for an order approving the resignation pending disciplinary proceedings of Respondent, Jeffrey L. Parker.

¶ 2 The application reveals:

1. Respondent was admitted to membership in the Oklahoma Bar Association on April 30, 1993.

2. Respondent's Bar membership number is 14974 and the his official roster address shown by records of the Bar Association is: 6506 S. Lewis, Ste. 220, Tulsa, Ok., 74136.

3. On January 29, 2005 Respondent signed and submitted his affidavit requesting he be allowed to resign his membership in the Oklahoma Bar Association pending disciplinary proceedings, and his affidavit states that: a) it was freely and voluntarily tendered; b) he was not subject to coercion or duress; c) he is aware of the consequences of submitting his resignation; d) and he is aware that his resignation is subject to the approval of this Court, however he intends that it be effective from the time of his execution and he will conduct his affairs accordingly.

4. Respondent also states in his affidavit that he is aware that grievances have been lodged against him with the Office of the General Counsel of the Oklahoma Bar Association and investigations are proceeding with regard to the following matters:

(a) DC 04–246, is a grievance filed by Donnie L. Ellis, alleging Respondent settled a case on Ellis' behalf and received the settlement check which he placed in his trust account, but he has never paid any funds from the settlement to Ellis.

(b) DC 04–287, is a grievance filed by Lonnie Hall, collections manager for West View Pharmacy, alleging Respondent settled a case on behalf of his client, Dorothy Mazumber, and received a check on which West View Pharmacy was a lien holder and was listed as a payee, but he never paid West View Pharmacy its portion of the settlement.

(c) DC 04–408, is a grievance filed by Ronald Hicks alleging respondent settled a case on behalf of Hicks and received the settlement proceeds, but he has paid Hicks only part of the money due him. The grievance also alleges respondent failed to return phone calls from Hicks regarding his settlement.

(d) DC 04–409, is a grievance filed by Victoria Downs alleging respondent settled her case and received the funds, but Downs has received none of her settlement because Respondent wrote her a check on his trust account for her share of the settlement but the check was refused for insufficient funds.

(e) DC 04–410, is a grievance filed by Donny R. Chatman alleging Respondent settled a case on Chatman's behalf and received a check for the proceeds, but he deposited the check into his trust account by forging Chatman's signature and never paid Chatman any funds.

(f) DC 04–426, is a grievance filed by Corey McCrackin alleging Respondent settled a case on McCrackin's behalf in September 2004, but has never paid McCrackin any of the settlement funds. The grievance also alleges he failed to return McCrackin's phone calls regarding the settlement.

(g) DC 05–005, is a grievance filed by Todd Jones alleging Jones Chiropractic Clinic was a lien holder and a payee on the settlement check in a case Respondent settled on behalf of his client and that Respondent forged Jones Chiropractic Clinic's signature on the check and has never paid Jones Chiropractic Clinic its portion of the settlement.

(h) DC 05–007, is a grievance filed by Ramiro Soriano alleging Respondent settled a worker's compensation case on his behalf and failed to repay any of the funds he received on Soriano's behalf.

(i) DC 05–008, is a grievance filed by Tim Jones alleging Respondent settled a case on his behalf and failed to repay any of the funds he received on Jones' behalf.

(j) DC 05–009, is a grievance filed by Cynthia Whisenhunt alleging Respondent agreed to handle a personal injury action on her behalf and also he has failed to return telephone calls to her and has failed to notify her of the status of her case.

(k) DC 05–010, is a grievance filed by Ronda Silver, business manager for Saf-

fa Compounding Pharmacy, alleging respondent settled a case on behalf of a client in which Saffa Compounding Pharmacy was a lien holder and a listed as a payee on the settlement check and he forged Saffa Compounding Pharmacy's name on the check and has never paid Saffa Compounding Pharmacy its portion of the settlement.

5. Respondent is aware the burden of proof regarding the allegations of wrongdoing set forth in his affidavit rests upon the Oklahoma Bar Association, and he waives all rights to contest the allegations.

6. Respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of Rule 1.4, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch.1, App.1–A, and Rules 1.15 and 8.4, Oklahoma Rules of Professional Conduct, (ORPC) 5 O.S.2001, Ch. 1, App. 3–A, and his oath as an attorney.

7. Respondent is aware that pursuant to Rule 8.2, RGDP, his resignation is subject to the approval of this Court.

8. Respondent is aware of the requirements of Rule 9.1, RGDP, and will comply with the provisions within twenty days following the date of this resignation.

9. Respondent acknowledges and agrees that he may not make application for reinstatement for membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of the order approving this resignation and that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by the rules governing reinstatement set forth in Rule 11, RGDP.

10. Respondent is aware that the Client Security Fund may receive claims from his former clients, and if the Oklahoma Bar Association approves and pays any claims against him, he will reimburse the Bar Association for those funds, including principal and statutory interest, prior to filing an application for reinstatement.

11. Respondent acknowledges that costs have been incurred by Complainant, Oklahoma Bar Association, in the investigation of this matter, but Complainant recommends to this Court that those costs be waived.

12. Respondent's affidavit is in compliance with the requirements set forth in Rule 8.1, RGDP, and the resignation should be approved.

¶ 3 IT IS THEREFORE ORDERED that Complainant's application for order approving resignation and Respondent's resignation pending disciplinary proceedings are approved.

¶ 4 IT IS FURTHER ORDERED that the name of Jeffrey L. Parker be stricken from the Roll of Attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Respondent may not make application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this Order, and in applying for reinstatement, Respondent must show that any funds of the Client Security Fund expended by reason of his misconduct have been repaid.

¶ 5 IT IS FURTHER ORDERED THAT Respondent comply with Rule 9.1, RGDP.

¶ 6 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 2nd DAY OF MAY, 2005.

¶ 7 WATT, C.J., WINCHESTER, V.C.J., LAVENDER, OPALA, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ. Concur.

¶ 8 HARGRAVE, J., concurs in part, dissents in part. I dissent to waiving costs in this case.