2010 OK 1

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Eddie Michael POPE, Respondent.**

**SCBD Nos. 5486, 5570.
OBAD Nos. 1776, 1802.**

Supreme Court of Oklahoma.

Jan. 11, 2010.

### ORDER

¶ 1 On December 10, 2008, the Oklahoma Bar Association (Bar Association), notified the Office of the Chief Justice that the respondent, Eddie Michael Pope (lawyer/respondent), had pled guilty to possession of obscene material in Texas and had been given a four year deferred sentence. On August 21, 2008, the Board of Disciplinary Appeals appointed by the Supreme Court of Texas (Board), issued a judgment of suspension which suspended the respondent during the term of his deferred adjudication (until April 23, 2010).

¶ 2 On March 30, 2009, the Court referred to the Professional Responsibility Commission to initiate and conduct disciplinary proceedings immediately to develop a complete, non-piecemeal record examining the circumstances giving rise to the criminal charges

including the respondent's involvement/knowledge regarding the child molestation incident and the facts surrounding it which may or may not demonstrate an unfitness to practice law.

¶3 On September 12, 2009, the Oklahoma Bar Association filed a complaint which was independent of the reciprocal discipline imposed by Texas. The matters were consolidated under one surviving case number on October 20, 2009. On December 22, 2009, the Respondent voluntarily resigned from the Oklahoma Bar Association, and the Association filed an application for approval of resignation.

¶4 THE COURT FINDS:

1. On December 22, 2009, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending disciplinary proceedings.

2. The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

3. The respondent states in his affidavit of resignation that he is aware that a summary/reciprocal disciplinary proceeding was initiated on December 10, 2008 pursuant to Rules 7.1, 7.2, 7.3, 7.4, and 7.7 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch.1, App. 1–A.

4. The respondent also states that he is aware that on September 12, 2009, a formal complaint was filed by the Bar Association pursuant to Rules 6 and 7.6 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, alleging violations of Rule 8.4(a), (b) of the Oklahoma Rules of Processional Conduct, 5 O.S.2001, Ch. 1 App. 3–A and Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

5. The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A and it should be approved.

6. The official address of the respondent is: Eddie Michael Pope, 12714 Descartes Cove, Austin, Texas 78753.

7. The Bar Association has not sought the imposition of costs and the respondent asks that any costs incurred be waived.

¶5 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Eddie Michael Pope's resignation submitted pending imposition of discipline be approved.

¶6 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Eddie Michael Pope's name be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make an application for reinstatement prior to the expiration of 5 years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending in his practice within 20 days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. The Respondent requests that the imposition of costs be waived, and the Bar Association has not objected to such a waiver. Accordingly, the imposition of costs is waived. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent, shall be a condition of reinstatement.

¶7 DONE BY ORDER OF THE SUPREME COURT THIS 11th DAY OF January 2010.

/s/James E. Edmondson
CHIEF JUSTICE

ALL JUSTICES CONCUR.