NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-2995 & 14-4653
_____

PANFILO BOLANOS SILVA,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                    Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Alberto J. Riefkohl
(No. A088-083-668)
_____

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2015

Before: AMBRO, HARDIMAN, and NYGAARD, Circuit Judges

(Opinion filed: January 8, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

In this consolidated appeal, Panfilo Bolanos Silva, a native and citizen of Mexico, petitions for review of two decisions by the Board of Immigration Appeals ("BIA"). The first denied his first motion to reopen removal proceedings and his motion to remand on the basis of ineffective assistance of counsel.[1] The second denied his motion to reconsider the BIA's initial decision and his second motion to reopen removal proceedings. For the reasons that follow, we deny his petitions.

I.

In 2010, the Department of Homeland Security filed a Notice to Appear, charging that Bolanos Silva was subject to removal from the United States. He was represented by attorney Stephen Traylor, who conceded that Bolanos Silva was removable and requested a discretionary grant of voluntary departure under 8 U.S.C. § 1229c(a). Traylor did not request any other form of relief from removal. The Immigration Judge ("IJ") granted the request, and Bolanos Silva waived his right to appeal the IJ's decision.

Before the voluntary departure period expired, Bolanos Silva, with attorney John A. Nicelli now acting as his counsel, moved to reopen removal proceedings so that he might apply for asylum-related relief. He claimed, among other things, that he feared returning to Mexico because he anticipated that he and his mentally disabled daughter would face difficulties, including discrimination, ostracism, and possibly even violence.

---

[1] Motions to remand and motions to reopen are "functionally identical," *Fadiga v. Att'y Gen.*, 488 F.3d 142, 145 n.5 (3d Cir. 2007) (alterations in original) (quoting *Korytnyuk v. Ashcroft*, 396 F.3d 272, 282 (3d Cir. 2005)), but for the sake of clarity we refer to Bolanos Silva's self-styled "motion to remand" as such.

2

He further claimed that Traylor had provided ineffective assistance because he failed to advise Bolanos Silva that he had a viable claim for asylum-related relief.

The IJ denied the motion as untimely because it was filed more than 90 days after his prior decision. He further explained that Bolanos Silva presented neither material evidence of changed country conditions to excuse his untimely filing, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), nor previously unavailable evidence to support his claim for relief, *see* 8 C.F.R. § 1003.23(b)(3). The IJ also noted that Bolanos Silva's ineffective assistance claim could not succeed because he presented no evidence of attempts to comply with the procedural requirements of *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

Bolanos Silva timely appealed the IJ's decision, arguing that the IJ erroneously failed to consider evidence of changed country conditions. While that appeal was pending before the BIA, Bolanos Silva, now with attorney Visuvanathan Rudrakumaran acting as his counsel, moved to remand on two grounds: (1) that Traylor rendered ineffective assistance by failing to inform Bolanos Silva of his viable claims for asylum-related relief; and (2) that Nicelli rendered ineffective assistance by failing to comply with the procedural requirements of *In re Lozada*.

The BIA dismissed Bolanos Silva's appeal and denied his motion to remand. The BIA affirmed the IJ's conclusion that Bolanos Silva presented neither material evidence of changed country conditions nor previously unavailable evidence to support his claim for relief. The BIA also explained that Bolanos Silva's ineffective assistance claims could not succeed because he failed to comply with the procedural requirements of *In re*

3

*Lozada* with respect to both his initial ineffective assistance claim involving Traylor as well as his new ineffective assistance claim involving Nicelli. Bolanos Silva then filed a petition for review of the BIA's decision.

After filing his petition for review, Bolanos Silva filed two more motions with the BIA. The first was a motion to reconsider it's decision, arguing that, in his case, compliance with the procedural requirements of *In re Lozada* was neither required nor possible. The second was another motion to reopen based on the ineffective assistance provided by Traylor, Nicelli, and Rudrakumaran. In an attempt to cure the deficiencies identified in the BIA's prior decision, the second motion documented Bolanos Silva's efforts to satisfy the procedural requirements of *In re Lozada*.

The BIA denied the motions. It found that Bolanos Silva satisfied the procedural requirements of *In re Lozada*, but explained that his ineffective assistance claim could not succeed because he failed to demonstrate that he was prejudiced by his counsel's ineffective assistance. Based on the record before it, the BIA concluded that, even if Bolanos Silva might face discrimination and ostracism if he returned to Mexico, there was no evidence he would face persecution or torture. Because Bolanos Silva had to present evidence relating to persecution or torture to secure relief from removal, the BIA concluded that there was no reasonable likelihood that the outcome of his removal proceedings would have been different had counsel helped him apply for asylum-related relief. Thereafter, Bolanos Silva petitioned for review of that decision from the BIA. His two petitions for review were consolidated in the matter before us.

4

II.

We have jurisdiction under 8 U.S.C. § 1252(a). We review questions of law, including the BIA's "determination of an underlying procedural due process claim," *de novo*. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153-54 (3d Cir. 2007); *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005). We review the BIA's denial of a motion to reopen for abuse of discretion. *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). Our review is "highly deferential." *Id.* We review the BIA's findings of fact "to determine whether they were supported by substantial evidence" and will only reverse the BIA's denial of a motion to reopen if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 168, 174 (3d Cir. 2002) (quoting *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994)).

III.

"A claim of ineffective assistance of counsel in removal proceedings is cognizable under the Fifth Amendment—i.e., as a violation of that amendment's guarantee of due process." *Fadiga*, 488 F.3d at 155. A claim of ineffective assistance, if properly established, could constitute proper grounds for reopening a removal proceeding. *See Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 132 (3d Cir. 2001).

To prevail on his claim for ineffective assistance in this case, Bolanos Silva must show "(1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted." *Fadiga*, 488 F.3d at 155 (internal quotation marks omitted). Substantial prejudice here is "a 'reasonable likelihood that the result would

5

have been different if the error[s] . . . had not occurred.'" *Id.* at 159 (alterations in original) (quoting *United States v. Charleswell*, 456 F.3d 347, 362 (3d Cir. 2006)).

The BIA determined that Bolanos Silva did not satisfy the prejudice prong of his ineffective assistance claim because he failed to prove that he "had viable claims to asylum and withholding of removal based on being the Mexican parent of a mentally retarded daughter" or that he had "a viable claim [for protection under the CAT] that he and his daughter would more likely than not be tortured upon return to Mexico by the Mexican Government or that the Government would be willfully blind to any torturous acts which might be committed against them by third parties." (1 App. 4 (alteration in original).)

Bolanos Silva's main argument is that the BIA applied too rigorous a standard of prejudice in denying his second motion to reopen.[2] Citing our decision in *Fadiga*, in which we explained that an alien need not show that a different outcome was more likely than not to prevail on an ineffective assistance claim, 488 F.3d at 160-61, Bolanos Silva argues that the BIA erroneously required him to demonstrate that he would more likely than not be persecuted and/or tortured upon return to Mexico. We disagree. The BIA rightly concluded that Bolanos Silva seeks relief from removal based on fears of discrimination and ostracism (which do not rise to the level of persecution, *see Fatin v.*

---

[2] Although Bolanos Silva also petitioned for review of the BIA's denial of his first motion to reopen, he waives any claim of error with respect to that motion. (Pet.'s Reply Br. 2 ("Thus the only issue before this court is whether the BIA's finding that the petitioner failed to show prejudice [*sic*].").) He has also waived any claim of error with respect to the BIA's decision on the issue of changed country conditions. *Id.* at 1-2. Even if he had not waived those challenges, he would lose on the merits because the BIA did not abuse its discretion.

6

*INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)), as well as generalized fears of violence in Mexican mental health institutions (which are not grounds for relief from removal under the circumstances, *see Auguste v. Ridge*, 395 F.3d 123, 154 (3d Cir. 2005)). Thus, even if Bolanos Silva presented sufficient evidence to prove the truth of his assertions, he would not be entitled to relief.

Bolanos Silva's reliance on our decision in *Fadiga* is misplaced because the BIA's decision in that case is distinguishable from the BIA's decision here. In *Fadiga*, the BIA denied the alien's motion to reopen based on its finding that he "failed to demonstrate his eligibility for relief." 488 F.3d at 159-60. Here, the BIA denied Bolanos Silva's second motion to reopen based on its conclusion that he failed even to state a viable claim for relief. (1 App. 4.) In other words, the BIA's decision here was not based on its conclusion that Bolanos Silva could not prove his case, but rather that, even if he could prove everything that he claimed, he would not be entitled to relief from removal.

Notwithstanding his conclusory assertions that he would face persecution and/or torture if he returns to Mexico, Bolanos Silva failed to state a sustainable claim for relief from removal. In the absence of such a claim, Bolanos Silva cannot demonstrate a reasonable likelihood that the result of his removal proceedings would have been different absent counsel's deficient performance. Counsel's failure to put Bolanos Silva on notice of non-sustainable claims for asylum-related relief cannot result in prejudice.

Bolanos Silva also argues that the BIA ignored his evidence and failed to provide a reasoned decision, but it is not "required to expressly parse each point or discuss each piece of evidence presented" in order for us to be confident that it has "meaningfully

7

considered the evidence and arguments" that he presented, *Fei Yan Zhu v. Att'y Gen.*, 744 F.3d 268, 272 (3d Cir. 2014). And the BIA's decision is reasoned enough to permit our meaningful review, *see Miah v. Ashcroft*, 346 F.3d 434, 439-40 (3d Cir. 2003). We agree with the BIA that the arguments and evidence in the record speak to issues of discrimination and prejudice rather than persecution and/or torture.

*      *      *      *      *

We have considered Bolanos Silva's remaining arguments and find them unpersuasive. Thus, we deny his petitions for review.