OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. REDD

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. REDD
2016 OK 53
Case Number: SCBD-6385
Decided: 05/09/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 53, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
Michael K. Redd Respondent.

ORDER APPROVING RESIGNATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Respondent, Michael K. Redd applied, pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), (5 O.S. 2011 Ch. 1, App. 1-A), for an order approving his resignation pending disciplinary proceedings. Respondent's application and affidavit of resignation reveal the following:

¶2 On April 13, 2016, Respondent executed and filed with this Court his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

¶3 Respondent's affidavit reflects: a) it was tendered freely and voluntarily; b) he was not subjected to coercion or duress; c) he is aware of the consequences of submitting his resignation; and d) he is aware his resignation is subject to approval of the Supreme Court of Oklahoma and he intends his resignation to be effective from the date and time of the affidavit's execution.

¶4 Respondent's affidavit sets forth his acknowledgment of the following grievances:

A. Arkansas

A pending grievance currently under investigation by the Arkansas Office of Professional Conduct for Respondent's alleged embezzlement in excess of $100,000.00 while a managing member of Robertson, Beasley, Shipley & Redd, PLLC, a law firm. Respondent admits, that upon a forensic audit of firm's funds, the Arkansas Office of Professional Conduct will have sufficient evidence to support the allegations as alleged. Respondent, however, has made financial restitution for the converted funds satisfactory to the law firm. Additionally, as a result of that investigation, Respondent executed a Petition to Surrender Law License to the Supreme Court Committee on Professional Conduct in the State of Arkansas.

B. Oklahoma

Respondent's affidavit also acknowledges the ongoing investigation of grievance DC 16-39 by the Oklahoma Bar Association. Specifically, John R. Beasley, Respondent's colleague, filed a grievance alleging that Respondent, in his capacity as a managing member of Beasley, Shipley & Redd, PLLC in Arkansas, embezzled a substantial amount of money "likely in excess of $100,000.00" from the firm. At the time Respondent's affidavit was executed, the Bar Association had not completed its investigation and Respondent's time to respond to the allegation had not expired. Respondent, however, expressly waived his right to respond.

¶5 Respondent's affidavit states that he understands if his resignation is accepted by the Supreme Court of Arkansas, the Oklahoma Bar Association will have sufficient grounds to initiate reciprocal disciplinary proceedings pursuant to Rule 7.7, RGDP, 5 O.S. 2011, Ch. 1 App. 1-A. Rather than face reciprocal discipline, Respondent tenders this Rule 8 Application for Resignation Pending Disciplinary Proceedings.

¶6 Respondent's affidavit of resignation states Respondent is aware that the allegations against him, if proven, would constitute violations of Rule 1.3 of the Rules Governing Disciplinary Proceedings (RGDP) and Rules 1.15 and 8.4(a), (c), and (d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011 Ch. 1, App. 3-A., and his oath as an attorney.

¶7 Respondent states he is aware of the burden of proof regarding the allegations against him lies with the Oklahoma Bar Association, and he waives any and all rights to contest the allegations.

¶8 Respondent's affidavit states he is familiar with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following the Court's approval of his resignation pending disciplinary proceedings.

¶9 Respondent states he is aware that the approval or disapproval of his resignation is within the discretion of the Supreme Court of Oklahoma under Rule 8.2, RGDP.

¶10 Respondent acknowledges and agrees he may only be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and he may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving Resignation Pending Disciplinary Proceedings.

¶11 Respondent states he is aware the Client Security Fund may receive claims from his former clients, and he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principle and interest, expended by the Client Security Fund for claims against him. Rule 11.1(b), RGDP, State ex rel. Oklahoma Bar Association v. Heinen, 2003 OK 36, ¶ 9, 84 P.3d 708, 709.

¶12 Respondent has surrendered his Oklahoma Bar Association membership card to the Office of General Counsel.

¶13 Respondent acknowledges he must cooperate with the Office of the General Counsel by providing current contact information and identifying active cases wherein client documents and files should be returned to the client or forwarded to new counsel, and cases where fees or refunds are owed by Respondent.

¶14 Application for approval for Respondent's resignation filed by the Bar Association states no costs were incurred in the investigation of Respondent.

¶15 The official roster name and address of the respondent is Michael K. Redd, OBA No. 12447, 2110 Euper Court, Ft. Smith, Arkansas 72903.

¶16 IT IS THEREFORE ORDERED that the application by the Bar Association for an order approving Michael K. Redd's resignation be approved, and the resignation is deemed effective on the date it was executed and filed in this Court, April 8, 2016.

¶17 IT IS FURTHER ORDERED that costs are not awarded due to the express statement by the Oklahoma Bar Association that no costs were incurred.

¶18 IT IS FURTHER ORDERED that if any funds of the Client's Security Fund of the Oklahoma Bar Association are expended on behalf of Respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse the Fund prior to reinstatement.

¶ 19 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 9TH day of May 2016.

/S/Chief Justice

ALL JUSTICES CONCUR.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2003 OK 36, 84 P.3d 708, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HEINEN
Discussed