ACCEPTED
14-16-00502-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/24/2017 7:29:05 PM
CHRISTOPHER PRINE
CLERK

## No. 14-16-00502-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/24/2017 7:29:05 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE FOURTEENTH COURT OF APPEALS
# HOUSTON, TEXAS

**DONALD KILPATRICK, INDIVIDUALLY AND AS ASSIGNEE OF CAUSES OF ACTION OF JEREMY DICKS,**

**APPELLANT**

v.

**ERIC L. ESTES AND DUETSCHE BANK NATIONAL TRUST COMPANY, ET AL,**

**APPELLEES'**

## APPELLANT'S AMENDED MOTION TO STRIKE APPELLEES' OBJECTION TO APPELLANT'S THIRD EXTENSION REQUEST TO FILE  APPELLANT'S BRIEF AS THERE EXISTS NO APPELLANT'S THIRD EXTENSION REQUEST TO FILE APPELLANT'S BRIEF AND RESPONSE THERETO

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

Pursuant to inter alia *Tex. R. App. P. 10.1; 10.5(b)(1)(c); 10.2; 10.1(a)(5)*; Appellant Donald Kilpatrick, files this *Appellant's Amended*

*Motion to Strike Appellees' Objection To Appellant's "Third?" Extension Request To File Appellant's Brief As There Exists No Appellant's "Third" Extension Request To File Appellant's Brief and Response Thereto;* appellees' continue to falsely misrepresent facts and Motions that do not exist before this Honorable Court, accordingly appellant does respectfully show This Court as follows:

Pursuant to *Tex. R. App. P.* 9.7 appellant adopts by reference *Appellant's Second Motion for Extension of Time to File Appellant's Brief Due January 17, 2016* filed in 14th Court of Appeals Houston, Texas as if set out word for word here at this place.

1. While it is not surprising appellee continues to misrepresent facts and laws; it is wholly surprising appellee would attempt to do it to The Fourteenth Court Of Appeals!

Appellee not only misrepresents to This Court "*Objection to Appellant's Third Extension Request*" *to file Appellant's Brief* but further misrepresents to This Court that appellant's Brief was due on September 22, 2016 in which appellant filed his First Extension Request to file Brief "due" September 22, 2016 on September 19, 2016, which was and is false; and appellee's attempt to hide and secret from, or plain disregard for This Honorable Court's Orders and Notices delivered to appellee as result of appellee's Filed Docketing Statement, filed by this same appellee, asking for *Mediation* August 31, 2015; copy of which is attached hereto and Marked "**App. 1**" for This Court's convenience.

To which reliance on appellee's request for mediation, appellant in its *Docketing Statement* at section 3 No. 1 stated ".........appellant **would welcome mediation**."

2. Appellant believed the 2 Docketing Statements forged and are an

"agreement" albeit signed by separate documents, to Mediate this case. By that reliance in both parties signed documents, that both parties desired mediation; was understandably relied upon by The Court which issued *Abatement Order* Filed September 8, 2016, copy attached hereto marked "**App. 2**" for This Court's convenience.

To which appellant was in process for submitting 3 mediators for submission to Court and Appellee, when suddenly and without warning appellee less than a week from This Court's Abatement Order to allow Mediation requested by appellee and Granted by The Court; that same appellee filed *Objection to Mediation*" after representing and requesting to The Court appellee's desire for Mediation. "**App. 1.**" Notwithstanding appellee as trustee never obtained title or deed due to Trustee's failure to follow statutory prerequisites for foreclosure and sale. Consequently trustee's and appellee's deed is Void, and without effect.

3.      Unpropitiously, appellee's know this, therefore: appellee's "Objection to Mediation."

4.      Unfortunately, appellant due to lack of timely notice per *Tex. R. Civ. P.* 306a(3) in the 55th District Court to which the District Clerk became aware, resulting in late notice in the 55th District Court resulting in exigent circumstances regarding this appellee's co—defendants' together with a *Tex. R. Civ. P.* 21(f)(6) *Technical Failure,* similarly recognized in *Tex. R. App. P.* 9.2(5)(6) requiring all appropriate relief from the Court to ensure matters be preserved for Appellant Review. Albeit, those procedures required extraordinary time and hearings before 55th District Court; thus taking appropriate time to perfect appeal of remaining (4 or 5 codefendants' below), and prevented appellant from timely controverting appellee's *objection to mediation* as This Court granted appellee's *objection to*

*mediation* October 25, 2016: (Note: to *which appellee initiated and represented and requested case be set for mediation*).

5.    Appellee again continues to misstate facts of This Court's record, when appellee claims brief originally due on September 22, 2016. "Appellant filed his first extension request which was granted. There was no reason for appellant to file an extension of time to file appellant's brief due on September 22, 2016. As result of appellee's initiation **For Mediation "App. 1**."

   This Court Granted appellee's request **For Mediation "App. 1**."

   In consideration thereof This Court issued **Abatement Order** *filed September 8, 2016* giving 60 days to mediate this case: "**App. 2**."

   Should appellee "truly" desire to pursue this Appeal he did not do so in an expedient manner rather than notice This Court for Mediation, then when Granted attack that Grant with filing **Objection to Mediation** to This Court's Sustaining appellee's request with result of delaying the pursuit of Appeal for near 60 days.

   Abatement of case due to appellee's initiation of Mediation "**App. 1**" was reinstated October 25, 2016: Setting date for appellant's brief due November 30, 2016 to which appellant filed Appellant's First Motion for Extension of Time to File Brief. Which was Granted; *Appellant's motion to extend time to file their brief in the above cause, time extended to and including December 30, 2016.*

5a.    Due to *inter alia* an "emergency" befalling the Official Reporter and despite This Court's Orders and admonitions the last of which was Order filed, January 13, 2017 this court Ordered the official court reporter, *to file the record in this appeal within thirty days of the date of this order*.

   Appellant needs and is entitled to a full reporter's record in this

appeal.

Appellant's *Second Motion For Extension Of Time To File Appellant's Brief Due January 17, 2016* is the last motion for extension of time to file appellant's brief; notwithstanding appellee's false claim that there exists an appellant's "**Third**" extension request to file brief.

Due to the lack of reporter's record squared with Orders to the official court reporter who has yet to file reporter's record and pursuant to *Tex. R. App. P.* 34.1 "*Even if more than one notice of appeal is filed, there should be only one appellate record in a case.*" This Court has Ordered reporter's record be filed 30 days from January 13, 2017.

7. Appellee once again claims "appellant failed to confer with foreclosure appellees' prior to filing his "**Third**" Extension Request to file his brief.

Reason being There never has been an Appellant's "**Third**" Motion for Extension of Time to File Appellant's Brief; hence there could be no conference thereon: believing, that simply is more, of appellee's and Ms. Galeoto's frivolous without merit allegations to enhance or attempt to serve that which is unjust as just.

That notwithstanding Appellant's *First Motion for Extension of Time to File Appellant's's Brief Due November, 30, 2016*, appellant, at page 5 related that they had conferred with opposing appearing counsel, Brett W. Schouest, and he related though having entered an appearance in this Appeal, that he was not familiar with the case, and related that appellant contact Gemma R. Galeoto in Dallas Texas, and do everything through Ms. Galeoto.

Appellant ultimately did reach Ms. Galeoto in attempt to confer on appellant's *First Motion to Extend Time To File Brief* and attempted to

confer with her; to which at that time Ms. Galeoto spewed forth such invectives that would make a dock worker at the Port of Houston blush, and summarily hung up the phone, before appellant could even attempt to cool her down. Accordingly Ms. Galeoto is in direct violation of *Professionalism*: *A Lawyer's Mandate* a text thereof hangs and is on prominent display In the Fourteenth Court of Appeals Houston, Texas entrance to That Hallowed Court.

Though it is doubtful that Dallas Court's display any pretense of civility or professionalism. For that reason perhaps Ms. Galeoto should be excused, being in Dallas and all.

Per my direct understanding with Mr. Schouest, that he was not familiar with the case and to direct all inquiries to Gemma R. Galeoto both in that conversation and in the future.

Similarly, appellant does not see anything in *Tex. R. App. P.* 10.1(a)(5) "in civil cases,......be accompanied by a certificate stating that the filing party conferred, or made a reasonable attempt to confer, with all other parties about the merits of the motion and whether those parties oppose the motion. In fact the rule the expressly states be accompanied by a certificate stating that the *filing party conferred, or made a reasonable attempt to confer,* appellant did call, though filled with tribulation, given the previous invectives, tirade and slamming of the phone by Ms. Galeoto in appellant's previous attempt to confer, that notwithstanding appellant called Ms. Galeoto Thursday afternoon January 19, 2016, to confer, there was no answer, appellant left a voice mail with his name and phone number and the nature and content of his call, which as yet has not been returned. In fact Ms. Galeoto has never returned a call to appellant.

8.      Appellant likewise believes he served Ms. Galeoto via EfileTexas

"serve."

Appellee claims once again falsely, appellant having had over four months to acquire the reporters record, disregarding *Tex. R. App. P.* 34.1 requiring "*Even if more than one notice of appeal is filed, there should be only one appellate record in a case*; which applies herein, as it so happens that includes appellee's co-defendants' and their Notices of Appeal, as *inter alia* set forth in *Appellant's Second Motion For Extension Of Time To File Appellant's Brief Due January 17, 2016*.

While appellee in her objection to appellant's nonexistent "**third**" extension to file Brief request, claims failure to confer; yet appellee's motion "Objection To Appellant's Third Extension Request" Contains no Certificate of Conference, to which there is no such *appellant's **third** motion to extend time to file Brief* and accordingly no such certificate of conference to to Ms. Galeoto's "objection to appellant's **third** extension request." Nor has any motion filed by Ms. Galeoto to appellant contained a Certificate of Conference.

Likewise Ms. Galeoto has never called or left a message for appellee either in trial court or this court in reference to certificate of conference with appellant herein.

In conclusion appellee claims appellant should pursue their appeal in an expedient manner or appeal should be dismissed. And goes on to state further delay is unwarranted and foreclosure appellees are opposed to the "**third** Extension Request" (*which is nonexistent*); appellee's motion is completely without merit as attacking a nonexistent objection to a never filed appellant's **third** extension request to file Brief, which has never been filed.

**PRAYER**

FOR reasons set forth herein appellant Unrepresented party, respectfully requests that this court grant appellant's *Motion to Strike Appellees' Objection To Appellant's "Third?" Extension Request To File Appellant's Brief As* <u>*There Exists No Appellant's "Third" Extension Request To File Appellant's Brief*</u> *and Response Thereto* as appellee's *Objection To Appellant's **Third** Extension* is wholly without merit for the reason being there is **NO THIRD** extension request to extend time to file Appellant's Brief. And further appellant attempted to confer on each request for extension of time to file brief heretofore made; notwithstanding there is no "**Third**" extension request to file appellant's Brief; Furthermore appellee has never returned appellant's phone calls not answered, but message left on voicemail. Likewise appellant cannot a prepare a cogent and informative brief without reporters record filed in This Court and Prays This Court strike or deny appellee's *objection to appellant's third extension request to file Brief* which has not been made. Appellee inserted "**third**" to prejudice appellant with This Court, not for truth of the matter asserted. Further appellant prays for all relief to which he may be justly entitled, whether general or special are in law or in equity.

Respectfully submitted,

/s/ *Donald Kilpatrick*
Donald Kilpatrick
Plaintiff
In Propria Persona
2723 Triway Lane
Houston, Texas 77043
Gmail: *bddek44@gmail.com*
Phone: (713) 416-8697

Unrepresented party

## Certificate of Service

Appellant certifies that a copy of this motion shall be served on council for appellees' via e-mail address: ggaleoto@dykema.com September 24, 2016

/s/ *Donald Kilpatrick*
Donald Kilpatrick

ACCEPTED
14-16-00502-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/31/2016 4:42:18 PM
CHRISTOPHER PRINE
CLERK

**FOURTEENTH COURT OF APPEALS**
**CIVIL APPEAL MEDIATION DOCKETING STATEMENT**

**RETURN WITHIN 15 DAYS TO:**

**CLERK, FOURTEENTH COURT OF APPEALS;**
**301 FANNIN, ROOM 245; HOUSTON, TEXAS 77002**

**\*\*\*For Civil Appeals, see Section V for information about the Pro Bono Program sponsored and administered by the Pro Bono Committees of the Appellate Practice Sections of the State Bar of Texas and the Houston Bar Association.**

| I. | General Information: |
| --- | --- |

| | |
| --- | --- |
| Appellant(s): Donald Kilpatrick | Appellate Cause No.: 14-16-00502-CV |
| | Trial Ct. Cause No.: |
| Appellee(s): | 2015-31821 |
| Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT5; | And |
| | 2015-31821-A (severed matter). |
| Homeward Residential F/K/A American Home Mortgage Servicing, Inc. | County: Harris |
| | Trial Court: 55th District Court |
| Other: | |

| II. | Timetable: |
| --- | --- |

Appeal stayed by bankruptcy.    Date bankruptcy filed: N/A

List:     name of bankruptcy court:

           bankruptcy case number:

           style of bankruptcy filing:

# App. 1

**III.    Jurisdiction:**

| | | |
|---|---|---|
| Will you challenge this court's jurisdiction? | No  ☑ | Yes  ☐ |

**IV.    Indigency Of Party (TRAP 32.1(k)):  (Attach file-stamped copy of affidavit)**

| Event | Filed<br>Check as appropriate | | Date | N/A |
|---|---|---|---|---|
| Affidavit filed | No  ☐ | Yes  ☐ | | N/A |
| Contest filed | No  ☐ | Yes  ☐ | | N/A |
| Date ruling on contest due: | | | | N/A |
| Ruling on contest:<br>Sustained ☐        Overruled ☐ | | | | N/A |

**V.    Pro Bono Pilot Program:**

The Pro Bono Committees of the Appellate Practice Sections of the State Bar of Texas and the Houston Bar Association are participating in a Pro Bono Program to place a limited number of civil appeals with appellate counsel who will represent the appellant/appellee in the appeal before the Fourteenth Court of Appeals.

The Pro Bono Committee is solely responsible for screening and selecting the civil cases for inclusion in the Pilot Program based upon a number of discretionary criteria, including the financial means of the appellee.  If a case is selected by the Committee, and can be matched with appellate counsel, that counsel will take over representation of the appellee without charging legal fees.  More information regarding this program can be found in the *Pro Bono Pilot Program Pamphlet* available in paper form at the Clerk's Office or on the Internet at http://www.tex-app.org and http://www.hba.org/folder-sections/sec-appellate.htm.  If your case is selected and matched with a volunteer lawyer, you will receive a letter from the Pro Bono Pilot Committee within thirty (30) to forty-five (45) days after submitting this Docketing Statement.

**NOTE:  There is no guarantee that, if you submit your case for possible inclusion in the Pro Bono Program, the Pro Bono Committee will select your case and that pro bono counsel can be found to represent you.  Accordingly, you should not forego seeking other counsel to represent you in this proceeding.  By signing your name below, you are authorizing the Pro Bono Committee to transmit publicly available facts and information about your case, including parties and background, through selected Internet sites and a Listserv to its pool of volunteer appellate attorneys.**

1.    Do you want this case to be considered for inclusion in the Pro Bono Pilot Program?

Yes  ☐            No  ☑

If you answered "Yes" to Question V.1, then please answer the following questions.

2.    Do you authorize the Pro Bono Committee to contact your trial counsel of record in this matter to answer questions the committee may have regarding the appeal?  Please note that any such conversations would

| II.   Perfection Of Appeal And Jurisdiction (TRAP 32.1(b), (c), (g), (j)): | |
|---|---|
| Date order or judgment signed: (Attach a signed copy, if possible) April 4, 2016 | Date notice of appeal filed in trial court: (Attach file-stamped copy; if mailed to the trial court clerk, also give the date of mailing) Amended Notice of Appeal; June 21, 2016: File Stamped Copy Attached. |
| What type of judgment? (e.g., jury trial, bench trial, summary judgment, directed verdict, other (specify)) summary judgment  If money judgment, what was the amount? Costs.  Actual damages:  Punitive (or similar) damages:  Attorneys' fees (trial):  Attorneys' fees (appellate):  Other (specify): Costs to Appellant | Interlocutory appeal of appealable order:   Yes ☐      No ✔ (Please specify statutory or other basis on which interlocutory order is appealable) (*See* TRAP 28)     Accelerated appeal (*See* TRAP 28):   Yes ☐      No ✔ (Please specify statutory or other basis on which appeal is accelerated)    Appeal that receives precedence, preference, or priority under statute or rule?   Yes ☐      No ✔ (Please specify statutory or other basis for such status) |

3

**Form 4**

| III. Actions Extending Time To Perfect Appeal (TRAP 32.1(d)): | | | |
|---|---|---|---|
| **Action** | **Filed Check as appropriate** | | **Date Filed** |
| Motion for New Trial | No ☐ | Yes ✔ | |
| Motion to Modify Judgment | No ☐ | Yes ✔ | |
| Request for Findings of Fact and Conclusions of Law | No ✔ | Yes ☐ | |
| Motion to Reinstate | No ☐ | Yes ✔ | |
| Motion under TRCP 306a | No ✔ | Yes ☐ | |
| Other (specify): | No ☐ | Yes ✔ | Plea to the Jurisdiction |

| IV. Indigency Of Party (TRAP 32.1(k)): (Attach file-stamped copy of affidavit) | | | | |
|---|---|---|---|---|
| **Event** | **Filed Check as appropriate** | | **Date** | **N/A** |
| Affidavit filed | No ☐ | Yes ☐ | | |
| Contest filed | No ☐ | Yes ☐ | | |
| Date ruling on contest due: | | | | |
| Ruling on contest: Sustained ☐ Overruled ☐ | | | | |

| V. Bankruptcy (TRAP 8): |
|---|
| Will the appeal be stayed by bankruptcy?          Date bankruptcy filed? |
| Name of bankruptcy court:          Bankruptcy Case No.: |
| Style of bankruptcy case: |

| VI. Trial Court And Record (TRAP 32.1(c), (h), (i)): | | |
|---|---|---|
| Court: | County: | Trial Court Docket |

**Form 4**

| 55th District Court | Harris | Number (Cause No.): 2015-31821A Severed from 2015-31821 |
|---|---|---|
| Trial Judge (who tried or disposed of case): Jeff Shadwick Telephone Number: (713) 368-6055 (include area code) Telecopy Number: Not Listed (include area code) Address: Harris County Civil Courthouse, 201 Caroline, 9th Floor Houston, Texas 77002-2031 | | Court Clerk (district clerk): Daniel Flores Telephone Number: (713) 368-6055 (include area code) Telecopy Number: Not Listed (include area code) Address: Harris County Civil Courthouse, 201 Caroline, 9th Floor Houston, Texas 77002-2031 |

| Clerk's Record Yes ✓ Filed: August 23, 2016 | Sworn copy for accelerated appeal Yes ☐ (*See* TRAP 28.3) | Will request ✓ (Note: No request required under TRAP 34.5(a), (b)) | Was requested on: To Supplement |
|---|---|---|---|

| Court Reporter or Court Recorder: Court Reporter or Court Recorder: Ms. Gina Wilburn Telephone Number: (include area code) 713-368-6056 Telecopy Number: (include area code) Address: | Court Reporter or Telephone Number: (include area code) Telecopy Number: (include area code) Address: |
|---|---|

5

**Form 4**

**Abatement Order filed September 8, 2016**



In The

# Fourteenth Court of Appeals

———————

**NO. 14-16-00502-CV**

———————

**DONALD KILPATRICK, INDIVIDUALLY AND AS ASSIGNEE OF CAUSES OF ACTION OF JEREMY DICKS, Appellant**

**V.**

**ERIC L. ESTES, ADRIANA POTOCZNIAK, ET AL AND DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2006-OPT5 ASSET-BACKED CERTIFICATES SERIES 2006-OPT5, HOMEWARD RESIDENTIAL, INC F/K/A AMERICAN HOME MORTGAGE SERVICING, INC., Appellees**

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-31821A**

### ABATEMENT ORDER

We have determined that this case is appropriate for referral to mediation, an alternative dispute resolution process. *See* Tex. Civ. Prac. & Rem. Code §§ 154.021—.073. Mediation is a forum in which an impartial person, the mediator, facilitates communication between parties to promote reconciliation or settlement.

1

# App. 2

*Id*.§ 154.023(a). Any communication relating to the subject matter of the appeal made by a participant in the mediation proceeding is confidential. *See* Tex. Civ. Prac. & Rem. Code § 154.053. After mediation, the parties shall advise the court whether the case settled, or whether any further negotiation efforts are planned.

The court **ORDERS** the appeal **ABATED** for a period of sixty days and refers the underlying dispute to mediation. Any party may file a written objection to this order with the clerk of this court within **10 days** of the date of this order. *See* Tex. Civ. Prac. & Rem. Code § 154.022. If this court finds that there is a reasonable basis for the objection, the objection shall be sustained and the appeal reinstated on this court's active docket. *See id*.

The court **ORDERS** that the mediation be held within **60 days** of the date of this order. The court **ORDERS** that all parties or their representatives with full settlement authority shall attend the mediation process, with their counsel of record. The court **FURTHER ORDERS** that within **48 hours** of completion of the mediation, the parties shall advise the court in writing whether the case settled.

If mediation fully resolves the issues in the case, the court **ORDERS** the parties to file a motion to dismiss the appeal, other dispositive motion, or a motion for additional time to file the dispositive motion, within **10 days** of the conclusion of the mediation.

The court **ORDERS** the appellate timetable in this case suspended for **60 days** from the date of this order.

The appeal is **ABATED**, treated as a closed case, and removed from this court's active docket for a period of sixty days. The appeal will be reinstated on this court's active docket after sixty days. Any party may file a motion stating grounds for reinstating the appeal before the end of the sixty-day period.

Any party may also file a motion to dismiss the appeal or other dispositive motion at any time. Any party may file a motion to extend the abatement period for

completion of mediation or to finalize a settlement.


PER CURIAM