| | | |
|---|---|---|
| **TKTMJ, INC.** | * | NO. 2023-CA-0787 |
| **VERSUS** | * | |
| | | COURT OF APPEAL |
| **THE SEWERAGE & WATER** | * | |
| **BOARD OF NEW ORLEANS** | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-11900, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

Scott Hedlund
TKTMJ, INC
100 Harbor Circle
New Orleans, LA 70126

      COUNSEL FOR PLAINTIFF/APPELLANT

John M. Landis
Nicholas J. Wehlen
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, LA 70112-4042

      COUNSEL FOR DEFENDANT/APPELLEE

                    **AFFIRMED**

                    **APRIL 25, 2024**

*DLD*
*TGC*
*NEK*
The plaintiff, TKTMJ, Inc. ("TKTMJ"), appeals the trial court's judgment denying its motion for post-judgment relief against the defendant, the Sewerage and Water Board of New Orleans ("S&WB"). For the reasons that follow, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

This case arises out of a breach of contract action brought by TKTMJ against the S&WB regarding two contracts that the S&WB had entered into with TKTMJ, as general contractor, for the replacement of two sewerage pumping stations. The S&WB filed a reconventional demand against TKTMJ and a third-party demand against TKTMJ's surety, Travelers Casualty and Surety Company of America. The trial court rendered a judgment in favor of TKTMJ and its surety and against the S&WB, awarding TKTMJ $1,719,808.24 in damages. The trial court also dismissed the defendant's reconventional and third-party demands. On appeal, this Court reversed in part, amended in part, and affirmed as amended. *TKTMJ, Inc. v. The Sewerage and Water Bd. of New Orleans*, 2020-0154 (La.

1

App. 4 Cir. 12/16/20), 366 So.3d 276. This Court awarded the S&WB $92,000.00 in its reconventional and third-party demands against TKTMJ and Travelers, and reduced TKTMJ's damage award to $1,555,064.03. *Id.* TKTMJ filed an application for rehearing, asking that these amounts be offset so that TKTMJ would not be required to pay the $92,000.00 to the S&WB. This Court granted the application for rehearing with a footnote stating: "Counsel for TKTMJ certifies that S&WB has no opposition to this Court, clarifying the amendment to the judgment pursuant to La. C.C. art. 1893."[1] The practical effect was that TKTMJ did not have to pay the $92,000.00 monetary judgment against it due to the larger monetary judgment that the S&WB owed to TKTMJ and its effect was specific to this particular judgment.

On July 20, 2023, TKTMJ filed a motion for post-judgment relief seeking an order from the court that would have the effect of preventing any interruption in service to TKTMJ by the S&WB for failure to timely pay an invoice for water and sewer service as such obligation was extinguished by operation of law through compensation. A hearing took place on August 31, 2023, where the trial court denied the motion. A written judgment was issued on September 14, 2023. It is from this judgment that TKTMJ now appeals.

---

[1] La. C.C. art. 1893 provides:

Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.

In such a case, compensation extinguishes both obligations to the extent of the lesser amount.

Delays of grace do not prevent compensation.

## DISCUSSION

On appeal, TKTMJ raises the following assignments of error: (1) the trial court erred in failing to apply compensation to offset liquidated obligations; (2) the trial court erred in failing to apply the law of this case/*res judicata*; and (3) the trial court erred in considering the S&WB's numerous other outstanding judgments and bond rating as a factor in the application of compensation.

"This case requires us to interpret Louisiana constitutional articles and statutes relative to the enforcement of money judgments against a political subdivision of the state. Because the proper interpretation of a statute is necessarily a question of law, we apply a de novo standard of review." *Newman Marchive P'ship, Inc. v. City of Shreveport*, 2007-1890, p. 3 (La. 4/8/08), 979 So.2d 1262, 1265; *see also Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 2006-0582, p. 9 (La. 11/29/06), 943 So.2d 1037, 1045.

The object of TKTMJ's obligation to the S&WB is to pay for the S&WB's provision of water and sewer services to TKTMJ, and the object of the S&WB's obligation is the judgment that TKTMJ seeks to enforce through compensation. Considering that the S&WB is a political subdivision of the State of Louisiana, the object of TKTMJ's obligation to the S&WB (the provision of water and sewer service) is constitutionally exempt from seizure under La. Const. art. 12, §10(C).

In pertinent part, La. Const. art. 12, §10(C) states:

> No judgment against the state, a state agency, or a political subdivision shall be exigible, payable or paid except from funds appropriated therefore by the legislature or by the political subdivision against which the judgment is rendered.

3

In addition, La. R.S. 13:5109(B)(2) provides:

> Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable and paid only out of funds appropriated for that purpose by the legislature, if the suit is filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision.

The S&WB has not appropriated any funds for payment of TKTMJ's judgment against it, and according to La. Const. art. 12 §10(C) and La. R.S. 13:5109(B)(2), TKTMJ cannot obtain payment through any other means, including through compensation by operation of law. Allowing TKTMJ to receive free water and sewerage service through compensation by operation of law would constitute payment of the judgment, and that is expressly prohibited.

Regarding TKTMJ's law of the case argument, there is nothing in the record to support its contention that the S&WB agreed to the application of compensation in any context other than that presented to this Court by the prior application for rehearing. The application did not request or even mention applying compensation in any other context. It was strictly limited and applied to an offset regarding the respective monetary damage awards from the prior judgment that were at issue in the rehearing before this Court. There was no agreement by the parties that it would apply in any other situation or dispute between them. In any event, "[t]he law of the case doctrine is a discretionary guide that will not be applied inflexibly." *Sewell v. Sewerage and Water Bd. of New Orleans*, 2020-0381, p. 14 (La. App. 4 Cir. 2/24/21), 365 So.3d 583, 594. "It will not be applied when the underlying, operative facts upon which the court's prior decision was based have changed." *Id.*

4

**CONCLUSION**

For the above and foregoing reasons, we affirm the trial court's judgment denying TKTMJ's motion for post-judgment relief.

**AFFIRMED**